# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 00-11045
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE JAMES HAMPTON,

Defendant-
Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-130-1-D
-----------------------------------------------------------
May 18, 2001

Before EMILIO M. GARZA, STEWART and PARKER: Circuit Judges.

PER CURIAM:[*]

Willie James Hampton contends that the district court erroneously enhanced his sentence for obstruction of justice and denied him a downward adjustment for acceptance of responsibility. Hampton pleaded guilty to conspiracy to defraud the United States and fraud in conjunction with charges stemming from his involvement in a conspiracy with his brother to obtain payment of false claims from the Internal Revenue Service ("IRS"). Both the pre-sentence report and testimony from IRS Special Agent Paul Shanks at the sentencing hearing disclose that Hampton, after the execution of a search warrant on his brother's home, learned that a tax client had received a letter from IRS investigators asking to set up an interview. Hampton thereafter contacted this client and asked her not to see the IRS or make an interview with them. Upon learning that the client had already

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

scheduled an interview, he suggested that she not keep the appointment. When informed that she intended to keep the appointment, Hampton told her to go and get as much information as possible so she could report back to him. He further instructed her to "stay strong" and "remain quiet."

We review the district court's interpretation or application of the Sentencing Guidelines *de novo* and its factual findings, such as a finding of obstruction of justice, for clear error. United States v. Huerth, 182 F.3d 361, 364 (5th Cir. 1999), cert. denied, 528 U.S. 1191 (2000). Where a factual finding is plausible in light of the record as a whole, it is not clearly erroneous. Id. Unless left with the "firm conviction" that a mistake has been committed, we will not deem the district court's finding to be erroneous. United States v. Pofahl, 990 F.2d 1456, 1480 (5th Cir. 1993).

Under U.S.S.G. § 3C1.1, "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense of conviction," the offense level is increased by two levels. The type of conduct to which the adjustment applies includes "threatening, intimidating, or otherwise unlawfully influencing a . . .witness . . ., directly or indirectly, or attempting to do so. §3C1.1, comment. (n. 4(a)).

The district court's determination that Hampton obstructed justice was not clearly erroneous. The district court made a factual finding at sentencing that Hampton's suggestion that his client not contact the IRS in response to the inquiry letter and his suggestion to her that she not keep the appointment was an attempt unlawfully to influence a witness. The district court's finding is not implausible.

Hampton also urges that the district court should have reduced his sentence for acceptance of responsibility under § 3E1.1. We will affirm a sentencing court's decision not to award a reduction under § 3E1.1 unless it is without foundation, a standard of review more deferential than the "clearly erroneous" standard. United States v. Anderson, 174 F.3d 515, 525 (5th Cir. 1999). A defendant who receives an offense-level enhancement for obstruction of justice qualifies for a reduction based on acceptance of responsibility only in "extraordinary circumstances." § 3E1.1, comment. (n.4). "Conduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has

not accepted responsibility for his criminal conduct." Id. The district court found that Hampton's was not an extraordinary case in which both adjustments should apply. We cannot say under these circumstances that such a finding is without foundation.

The district court did not clearly err in determining that Hampton's conduct warranted the obstruction-of-justice enhancement, and its finding that he was not entitled to a reduction in his offense level for acceptance of responsibility was not without foundation. Hampton's sentence is AFFIRMED.